Guy D. Knoller - #002803
Law Offices of Guy David Knoller, P.L.L.C.
18221 N. 42nd Street
Phoenix, Arizona 85032
(602) 799-2346
E-Mail: guydknoller@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Cheryl Ryan, | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | *Jury Trial Demanded* |
| Whiteriver Unified School District No. 20, | |
| Defendant. | |

Plaintiff alleges as follows:

### CLAIM FOR RELIEF

(American With Disabilities Act of 1990, As Amended)

1. Plaintiff Cheryl Ryan is a resident of Maricopa County, Arizona.

2. Defendant Whiteriver Unified School District No. 20 (hereinafter referred to as "Whiteriver") is located in Whiteriver, Arizona, Navaho County.

3. Jurisdiction is based upon 42 U.S.C. §12101 *et seq.* and specifically 42 U.S.C. §12117.

4. Plaintiff Cheryl Ryan is a qualified individual with disabilities including, but not limited to within the meaning of 42 U.S.C. §12102:

    (a)    fibromyalgia syndrome;

(b) osteoarthritis;

(c) panic disorder; and,

(d) major depression

5. Plaintiff's disabilities substantially limit many major life activities, including walking, standing, lifting, seeing, and speaking, inter alia.

6. Plaintiff Cheryl Ryan has, and has had a record of her impairments.

7. Defendant was aware of Plaintiff's impairments (besides the visible impairments, Plaintiff informed Defendant about the other impairments).

8. Defendant hired Plaintiff as a speech-language therapist for the school year 2013-14.

9. On or about September 9, 2013, Plaintiff informed Principal Greer that she had disabilities for which she was taking medication for years, that she was stressed out and was not sure she could do the job.

10. During her employment Plaintiff received no oral or written discipline,

12. On January 17, 2014, Plaintiff asked for help with her workload suggesting that she was "becoming quite anxious, depressed, sickly and…burning out fast."

11. On February 3, 2014, Plaintiff asked for an accommodation and informed Defendant that she "was diagnosed with systemic sclerois…: has osteoarthritis problems and a mental health impairment."

13. Defendant responded on May 3, 2014, by arranging a meeting to discuss Plaintiff's concerns and for the first time to discuss concerns about Plaintiff regarding

certain specific incidents (for which Plaintiff was never disciplined).

14. Instead of entering into an interactive process to find an accommodation, Defendant administratively assigned Plaintiff to her home and relieved her of work responsibilities.

15. On March 20, 2014, Defendant informed Plaintiff she was still on leave and required to undergo a mental fitness for duty exam and provide a release of medical records for the prior 12 months.

16. Plaintiff submitted documentation from her doctor who recommended certain reasonable modifications of Plaintiff's work and stated that Plaintiff is a qualified individual with a disability (setting forth Plaintiff's history of disabilities).

17. On April 1, 2014, Defendant hand-delivered a Notice of Intent to Recommend Nonrenewal.

18. On April 3, 2014, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission, Charge No. 540-2014-02177 (a copy of which is attached as "Exhibit 1" and incorporated by reference herein).

19. On April 30, 2014, Defendant requested Plaintiff to speak to an attorney hired by Defendant to investigate Plaintiff's discrimination charge.

20. On June 23, 2014, Defendant informed Plaintiff that her contract of employment was not renewed.

21. Defendant refused and failed to enter into an interactive process to find a reasonable accommodation in violation of 42 U.S.C. §12112(b)(5)(A).

22. Instead of an accommodation, in June 2014 Defendant "terminated" Plaintiff (failed to renew her contract of employment).

23. The EEOC found **reasonable cause to believe** that Defendant discriminated against Plaintiff (Determination dated March 23, 2017, attached as "Exhibit 2" and incorporated by reference herein) by denying Plaintiff a reasonable accommodation and retaliated by terminating Plaintiff due to her disability.

24. The United States Department of Justice issued a Right to Sue letter dated December 6, 2018 (a copy of which is attached as "Exhibit 3" and incorporated by reference herein).

25. All conditions precedent to the filing of this lawsuit alleging disability discrimination have been met.

26. Defendant violated the Americans With Disabilities Act as amended by the conduct alleged herein.

27. There were reasonable accommodations available for Plaintiff, but Defendant failed and refused to reasonably accommodate her.

28. Defendant's conduct was in total disregard of Plaintiff's federally protected rights warranting an award of punitive damages against Defendant.

28. As a result of Defendant's discrimination against Plaintiff, Plaintiff has suffered damage including, but not limited to: loss of income, loss of future income, emotional distress, and pain and suffering.

WHEREFORE Plaintiff requests:

1. Damages for lost and future income together with interest thereon;

2. Damages for emotional distress and pain and suffering;

3. For punitive damages;

4. For reasonable attorneys' fees and costs incurred; and,

5. For such other relief as this Court deems appropriate.

DATED this 21st day of January 2019.

>	/s/ Guy D. Knoller
> Guy D. Knoller
> Attorney for Plaintiff